UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS LEVELT CASTEEL,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>DANA KINNISON,<br><br>　　　　　Defendant. | Case No. 1:20-cv-00220-NONE-EPG<br><br>**FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT THIS ACTION BE DISMISSED WITHOUT PREJUDICE**<br><br>(ECF No. 1)<br><br>**OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE (21) DAYS** |

　　　　Plaintiff, Carlos Levelt Casteel, appearing *pro se* and *in forma pauperis*, commenced this action on February 12, 2020. (ECF No. 1.) Plaintiff asks for this Court to relieve him of his appointed counsel in an ongoing case pending in Kern County Superior Court.

　　　　For the reasons described below, the Court recommends that Plaintiff's claim be dismissed with prejudice because this Court cannot grant Plaintiff the relief he requests.

　　　　Plaintiff has twenty-one days to file objections to these findings and recommendations.

**I.　　SCREENING REQUIREMENT**

　　　　Under 28 U.S.C. § 1915(e)(2), in any case in which a plaintiff is proceeding *in forma pauperis*, the Court must conduct a review of the complaint to determine whether it "state[s] a claim on which relief may be granted," is "frivolous or malicious," or "seek[s] monetary relief against a defendant who is immune from such relief." If the Court determines that the

complaint fails to state a claim, it must be dismissed. Id. An action is frivolous if it is "of little weight or importance: having no basis in law or fact" and malicious if it was filed with the "intention or desire to harm another." Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005). Leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 556 U.S. at 663 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id. at 678.

In determining whether a complaint states an actionable claim, the Court must accept the allegations in the complaint as true, Hosp. Bldg. Co. v. Trs. of Rex Hospital, 425 U.S. 738, 740 (1976), construe *pro se* pleadings liberally in the light most favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after Iqbal).

## II. ALLEGATIONS IN THE FIRST AMENDED COMPLAINT

Plaintiff alleges as follows in his Complaint:

Dana Kinnison was ordered by Judge Collete M. Humphrey[1] to file a motion to

---

[1] The Court takes judicial notice that Judge Humphrey is the Assistant Presiding Judge of the Superior Court of California, County of Kern.
https://www.kern.courts.ca.gov/general/judicial_officers_list

dismiss/denial of prosecution, yet Mr. Kinnison failed to do so. Mr. Kinnison was ordered to look into a renewal of a 995 motion by Judge Michael Bush,[2] yet failed to do so. Mr. Kinnison failed to present an adequate defense in case no. BF178576A because he neglected to allow Defendant to thoroughly examine witness testimonies.

Plaintiff requests that this Court relieve attorney Kinnison as Plaintiff's appointed attorney because he is working with the prosecution on both cases to gain a conviction.

### III.  ANALYSIS OF PLAINTIFF'S CLAIMS

Under settled federal law, federal courts must abstain from interfering in ongoing state proceedings, where Plaintiff can raise his issue in the state proceeding.

The Ninth Circuit explained this doctrine as follows:

> *Younger* abstention is a jurisprudential doctrine rooted in overlapping principles of equity, comity, and federalism. *See Steffel v. Thompson,* 415 U.S. 452, 460-73, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974) (explaining the history and purposes of the doctrine); *Younger,* 401 U.S. at 43-49 (discussing the jurisprudential background of abstention); *Gilbertson v. Albright,* 381 F.3d 965, 970-75 (9th Cir. 2004) (en banc) (tracing the Supreme Court's application of the doctrine). We must abstain under *Younger* if four requirements are met: (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that *Younger* disapproves. *Gilbertson,* 381 F.3d at 978; *AmerisourceBergen Corp. v. Roden* ("*ABC* "), 495 F.3d 1143, 1149 (9th Cir. 2007); *see also Green v. City of Tucson,* 255 F.3d 1086, 1093 (9th Cir. 2001) (en banc) ("[I]n addressing *Younger* abstention issues, district courts must exercise jurisdiction except when specific legal standards are met, and may not exercise jurisdiction when those standards are met; there is no discretion vested in the district courts to do otherwise."), *overruled in other part by Gilbertson,* 381 F.3d 965. An exception to that general rule exists if there is a "showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Middlesex County Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 435, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982). Although *Younger* itself involved potential interference with a state criminal case, the Supreme Court has extended the doctrine to federal cases that

---

[2] The Court takes judicial notice that Judge Bush is a judge in the criminal division of Superior Court of California, Kern County.
https://www.kern.courts.ca.gov/general/judicial_officers_list

would interfere with state civil cases and state administrative proceedings. *Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc.,* 477 U.S. 619, 627, 106 S.Ct. 2718, 91 L.Ed.2d 512 (1986). "As virtually all cases discussing [*Younger* abstention] emphasize, the limited circumstances in which abstention by federal courts is appropriate remain the exception rather than the rule." *ABC,* 495 F.3d at 1148 (internal quotation marks and ellipsis omitted).

San Jose Silicon Valley Chamber of Commerce Political Action Committee v. City of San Jose, 546 F.3d 1087, 1091-1092 (9th Cir. 2008) (footnotes omitted).

Abstention is appropriate here because all the elements of Younger are present. Plaintiff's state court proceedings are ongoing. The proceeding involves criminal matters, which implicate important state interests. Plaintiff has the ability to litigate this issue in his pending cases. To relieve Plaintiff of his court-appointed attorney would interfere in the state court's proceedings.

Thus, this Court cannot grant Plaintiff the relief he seeks. He must ask the Judges presiding over his case for relief of his appointed attorney.

## IV.   CONCLUSION AND RECOMMENDATIONS

For the reasons described above, the Court recommends that Plaintiff's case be dismissed without prejudice because this Court must abstain from interfering with ongoing state proceedings.

The Court does not recommend granting leave to amend because the relief Plaintiff seeks is not available in this court.

Accordingly, the Court HEREBY RECOMMENDS that:

1. Plaintiff's complaint be dismissed without prejudice and without leave to amend; and
2. The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the

specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 7, 2020**              /s/ Erica P. Grosjean
                                      UNITED STATES MAGISTRATE JUDGE